The Honorable R. D. "Rick" Saunders State Representative 114 Burchwood Bay Cove Hot Springs, AR 71913-6784
Dear Representative Saunders:
I am writing in response to your request for an opinion on the following questions concerning Act 244 of 2007, which amended A.C.A. § 17-26-201 to change the composition of the State Board of Cosmetology (hereinafter "Board"):
Which members will have to leave their positions, and the time line for such?
RESPONSE
Your first question requires an analysis of particular members' qualifications. Such an undertaking is outside the usual scope of an opinion from this office. Attorney General Opinions are generally confined to questions of law, not of fact. While I am therefore unable to definitively opine in response to your first question, I can and will set out the legal principles upon which the appropriate factual inquiry and determination must be based. With regard to your second question, members not meeting the requirements of Act 244 on March 9, 2007, the act's effective date,[1] were required to be replaced by the Governor within sixty (60) days of that date.
Your first question requires a review of A.C.A. § 17-26-201 prior to its amendment by Act 244 of 2007, and a comparison of the two laws. I believe it will be helpful to first set out the full text of the unamended statute, which can be found in the 2005 Supplement to Volume 17A of the Arkansas Code. It provides as follows:
(a) There is created the State Board of Cosmetology.
(b)(1)(A) The board shall consist of ten (10) members appointed by the Governor to five-year terms.
(B) The members of the board shall:
(i) Be of good moral character;
(ii) Be at least twenty-five (25) years of age; and
(iii) Not be directly or indirectly connected with the wholesale business of the manufacture, rental, sale, or distribution of cosmetological appliances or supplies.
(2) Nine (9) members of the board shall be appointed as follows:
(A) Eight (8) members of the board shall:
(i) Be registered as cosmeticians or cosmetologists under this chapter;
(ii) Be actually engaged in conducting a cosmetologist establishment or a school of cosmetology or actually engaged in practicing the art of cosmetology at the time of appointment; and
(iii) Have had at least five (5) years' experience in practicing the art of cosmetology in a cosmetological establishment or in a school of cosmetology;
(B)(i) Two (2) members of the board appointed under this subdivision (b)(2) shall be licensed instructors who own a school of cosmetology.
(ii) At least two (2) members of the board shall be licensed electrologists;
(C)(i) One (1) member of the board shall represent consumers.
(ii) The consumer representative shall:
(a) Be of good moral character;
(b) Be twenty-five (25) years of age or older; and
(c) Not be directly or indirectly connected with the wholesale business of the manufacture, rental, sale, or distribution of cosmetological appliances or supplies; and
(D) Not more than three (3) members of the board may be appointed from any one (1) congressional district.
(3)(A) One (1) member of the board shall represent the elderly.
(B) The representative of the elderly shall:
(i) Be sixty (60) years of age or older;
(ii) Not be actively engaged in or retired from the profession of cosmetology;
(iii) Be appointed from the state at large, subject to confirmation by the Senate; and
(iv) Be a full voting member but shall not participate in the grading of examinations.
(4) The consumer representative position and the representative of the elderly position may not be filled by the same person.
(c) Vacancies occurring during a term shall be filled for the unexpired term.
(d) Before entering upon the discharge of his or her duties, each member shall make and file with the Secretary of State the oath of office prescribed by Arkansas Constitution, Article 19, § 20.
(e) Each member of the board may receive expense reimbursement and stipends in accordance with § 25-16-901 et seq. All compensation and necessary traveling expenses shall be paid by the board out of the Cosmetology Operating Fund only.
(Emphasis added.)
The above-emphasized portions of the statute establish the basic criteria for the Board's composition prior to the recent amendment. Your first question requires a comparison between this Board composition requirement and the composition mandated by Act 244. In this regard, Act 244 retained subsection (b)(1)(A) (board to consist of ten members appointed for five-year terms), but it repealed subsections (b)(1)(B) through (b)(4) and enacted the following subsections governing the composition of the ten-member Board:
(c) The board shall be composed of the following representatives from within the cosmetology industry who are of good moral character and who are at least twenty-five (25) years of age:
(1) Four (4) members shall be licensed cosmetologists actively engaged in practicing the art of cosmetology for at least five (5) years at the time of appointment;
(2) One (1) member shall be a licensed nail technician;
(3) Two (2) members shall be owners of a licensed school of cosmetology;
(4) One (1) member shall be a director of cosmetology at a state-supported school who is also a licensed instructor; and
(5) One (1) member shall be a licensed aesthetician.
(d) One (1) member of the board shall be a consumer representative who is at least sixty (60) years of age and who is not actively engaged in or retired from the cosmetology industry.
Acts 2007, No. 244, § 1 (emphasis added).
Act 244 also added a new subsection 17-26-201(b)(2) providing that "a member may serve two (2) non-consecutive terms" (emphasis added), a new subsection (b)(4) stating that "[n]o member shall serve more than ten (10) years on the board[,]" and a new subsection (e)(2), stating that "[n]o member of the board shall have a contract or a pending bid for a contract with the board." Acts 2007, No. 244, § 1.
As indicated above, the answer to your first question turns on a review of the Board's composition in light of the comparative provisions of A.C.A. § 17-26-201 (Supp. 2005) and Act 244 of 2007. Additionally, Section 3 of Act 244 sets the time frame for this review as follows:
On the effective date of this act, a current member of the State Board of Cosmetology who meets the requirements of this act shall continue to serve the remainder of his or her term. If a current member does not meet the requirements of this act, the member shall be replaced by appointment of the Governor within sixty (60) days.
Acts 2007, No. 244, § 3 (emphasis added).
As you can see from a plain reading of this provision, any member who did not meet the requirements of Act 244 on the act's effective date, March 9, 2007, supra at n. 1, had to be replaced within sixty days. The sixty-day period clearly has reference to the effective date of the act. In response to your second question, therefore, the time line for the departure of those who on March 9, 2007, did not satisfy Act 244, was dictated by the gubernatorial appointment of their replacements, which should have occurred some time within sixty days of that date.
I do not know which members of the Board satisfied Act 244's membership criteria on March 9, 2007. Each member's qualifications had to be reviewed in order to make this determination, and a factual inquiry of this sort is not within the scope of this opinion.
I am informed that the necessary factual review was undertaken by the Governor's office and that replacements were made by appointment of the Governor within the sixty-day period. If there is a specific question of law concerning a replacement, I can upon request opine concerning the applicable law. Such a request would fall within my advisory function.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The act was approved by the Governor on March 9, making that the effective date in accordance with the act's emergency clause. See Acts 2007, No. 244, § 2.